UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS DAVID FAVRO,

    Plaintiff,

v.

WHATCOM COUNTY JAIL,

    Defendant.

CASE NO. 2:21-CV-339-RSL-DWC

ORDER TO FILE AMENDED COMPLAINT

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Nicholas David Favro, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by June 4, 2021, to cure the deficiencies identified herein.

    **I.**    **Background**

In the Complaint, Plaintiff, a pretrial detainee, alleges Defendant Whatcom County Jail ("the Jail") violated Plaintiff's constitutional rights by failing to meet safety requirements in a medical/disability housing unit within the Jail. Dkt. 5.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Complaint suffers from deficiencies that require dismissal if not corrected in an amended complaint.

### A. Improper Defendant

Plaintiff named the Jail as the sole defendant in this lawsuit. The Jail is not a legal entity capable of being sued under § 1983. Rather, Whatcom County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

1     Plaintiff has not named Whatcom County as a defendant and has also not alleged facts to

2 show Whatcom County is liable. *See* Dkt. 4. If Plaintiff seeks to sue Whatcom County, he must

3 name Whatcom County as a defendant and allege facts sufficient to meet the required elements

4 of a claim against a municipality and show Whatcom County violated his constitutional rights.

5     B.  <u>Failure to State a Claim</u>

6     Further, Plaintiff has failed to state a claim upon which relief can be granted. To state a

7 claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of

8 rights protected by the Constitution or created by federal statute, and (2) the violation was

9 proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d

10 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific

11 constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

12     To satisfy the second prong, a plaintiff must allege facts showing how individually

13 named defendants caused, or personally participated in causing, the harm alleged in the

14 complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,

15 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when

16 committing an affirmative act, participating in another's affirmative act, or omitting to perform an

17 act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

18 conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

19 at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

20 defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.

21 378, 385-90 (1989).

22     In the Complaint, Plaintiff states he slipped in the shower at the Jail and injured his neck.

23 Dkt. 5, pp. 4-5. He states both the jail staff and medical staff refused to provide him with a

24 wheelchair to take him to the medical unit. *Id*. at p. 5.

ORDER TO FILE AMENDED COMPLAINT - 3

Plaintiff fails to state the alleged wrong-doing of any named individual who was acting under color of state law. Moreover, Plaintiff's statements are too conclusory to sufficiently show deliberate indifference. As Plaintiff has not shown he suffered a violation of his constitutional rights that was caused by a person acting under color of state law, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

### III. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before June 4, 2021, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order to Plaintiff.

Dated this 26th day of April, 2021.

David W. Christel
United States Magistrate Judge